IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES SYSKO,                    :
    Plaintiff                          :
                                 :
   v.                             :      3:CV-07-0470
                                 :      (JUDGE VANASKIE)
PPL CORPORATION,         :
    Defendant                :

## MEMORANDUM AND ORDER

INTRODUCTION

      During a telephonic discovery conference held on June 26, 2008, Plaintiff's counsel advised the Court that he sought production from Defendant of all annual supervisor reviews ("ASR") completed by Joseph Redinski Jr. Plaintiff requested the ASRs to determine whether other employees exhibiting behavior changes similar to those observed in Plaintiff were referred to Defendant's Behavioral Observation Program ("BOP"). Defendant's counsel objected to production, arguing that the ASRs completed by Mr. Redinski indicate no behavior changes observed in his subordinates – other than Plaintiff – and therefore are irrelevant to Plaintiff's discrimination claims. Defendant also argued that the ASRs contain confidential information, and counsel feared production would have a "chilling effect" upon a supervisor's willingness to offer a candid assessment of an

employee.  Ultimately, the Court and counsel agreed that the Court would review in camera the ASRs.  If the Court's review confirmed the representations of Defendant's counsel, the Court would not order production.

Defendant complied and submitted the ASRs by letter dated July 7, 2008.  (See PPL-ASR 000001 to PPL-ASR 000051.)  Having reviewed the ASRs, the Court will decline to order production because the ASRs yield nothing relevant to Plaintiff's claims and do not contain information that could lead to discovery of evidence relevant to Plaintiff's claims.

DISCUSSION

An ASR is completed for an employee by the employee's immediate supervisor. "The purpose of the review is to identify any condition that may have resulted in the worker acting or behaving in an unconventional manner that may warrant further evaluation . . . ." (PPL-ASR 000001.)  To that end, the supervisor is required to identify any observed changes in an employee's behavior that raise concerns about the employee's fitness to work in a restricted access site, including his or her trustworthiness and reliability.  Upon completion, the ASR "shall be confidential."  (Id.)

The ASR is a two-page standardized form.  At the top of the first page is the ASR number and the worker's name and social security number.  Following the instructions are four behavior categories to be reviewed and completed by the supervisor.  Three categories are specific: (1) "Changes in Work Behavior"; (2) "Changes in Social Interaction Behavior";

and (3) "Changes in Personal Health Behavior."  Under each of these categories are examples of behavioral changes.  The fourth category is a catchall, asking the supervisor to identify "Other Observed Behavior Concerns."  Resembling a questionnaire, the ASR instructs the supervisor to answer "Yes" or "No" as to whether there were changes observed as to each behavior category.  If the supervisor responds affirmatively, he or she must describe the behavior(s) as well as the measures taken, if any, to address the concern(s).  Once the ASR is completed, the supervisor signs and submits it to an "approver," who reviews the ASR and indicates whether further action is required.

Defendant has submitted 25 ASRs completed by Mr. Redinski: twelve in 2005, eleven in 2006, and one each in 2007 and 2008.  Sixteen employees were evaluated at least once, and nine employees were reviewed twice.  Of the twenty-five ASRs, twenty-three show Mr. Redinski did not observe any changes in the behavior of the employees reviewed.  He simply answered "N" to each category and example of behavior change.  No additional information about those employees was provided.  Accordingly, these ASRs do not contain information relevant to Plaintiff's claims.

Two ASRs indicate Mr. Redinski noticed behavior changes in two different employees.  One of the employees was Plaintiff, and his ASR is summarized in the margin.[1]

---

[1]Plaintiff's ASR reflects numerous and significant behavior changes.  Mr. Redinski answered "Y" to all four categories and to several examples within the three specific categories.  (PPL-ASR 000001 to PPL-ASR 000002.)  Attached to Plaintiff's ASR is a

The other employee's observed change in behavior does not compare to the nature and magnitude of the changes observed in Plaintiff.  In this regard, Mr. Redinski observed only one change and that was in the employee's work behavior; Mr. Redinski answered "Y" to the "Difficulty CONCENTRATING" example.  (PPL-ASR 000008.)  Specifically, he noted that the employee was concerned more with home projects than work assignments, needed to be reminded of upcoming work assignments, and used the telephone excessively.  (Id.)  This type of change – difficulty concentrating – was not observed in Plaintiff.  (See PPL-ASR 000001.)  Moreover, and unlike Plaintiff, no further action was required.  Instead, the approver commented that the employee's behavior was "discussed with the FFD/BOP supervisor and he will continue to monitor the individual for any further changes in behavior. The behavior noted above does not affect the individual's trustworthiness and reliability." (PPL-ASR 000009.)  The ASR completed the following year (August 28, 2006) for this employee reflects no changes in any behavior category.  (See PPL-ASR 000032 to PPL-ASR 000033.)  Given the dissimilarities in their respective ASRs, the employee would not

---

separate page describing the behavior changes observed in Plaintiff.  (See PPL-ASR 000003.)  These changes are consistent with the explanation proffered for the referral of Plaintiff to the BOP and the revocation of his unrestricted site access.  In this regard, Mr. Redinski observed in Plaintiff decreased productivity; excessive time off and frequent tardiness; insubordination; poor eye contact with management; social isolation; hypersensitivity to "imagined" criticism; change in speech patterns; increased complaining about his hip; agitated and restive demeanor at meetings and fidgety when questioned; and disinterest in work and distracted by other matters.  (PPL-ASR 000003.)  The approver of Plaintiff's ASR noted further action was required.  (PPL-ASR 000002.)

be an appropriate comparator to Plaintiff, and thus his ASR is irrelevant to Plaintiff's claims. Therefore, the Court will decline to order production of this ASR.

ACCORDINGLY, IT IS HEREBY ORDERED THAT Plaintiff's request for production of Annual Supervisor Reviews completed by Mr. Redinski is DENIED.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge
